UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WINDSOR HOUSE, INC. (A.K.A. LIBERTY HEALTH CARE CENTER, INC.), et al. | ) ) ) ) | CASE NUMBER: 4:11CV1975 |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | ) ) | |
| SIMPLEXGRINNELL LP, et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Renewed Motion to Remand filed on behalf of Plaintiff, Windsor House, Inc., *aka* Liberty Health Care Center, Inc. ("Liberty") on December 7, 2012. ECF Dkt. #76. Defendant, SimplexGrinnell, LP ("Simplex") filed its opposition brief on December 21, 2012. ECF Dkt. #78. No reply brief was filed.

A brief procedural history of the case is essential to understand the arguments advanced in the motion to remand before the Court. Simplex initiated this case in the Trumbull County Court of Common Pleas on September 22, 2010, asserting a breach of contract claim against Liberty based on an overdue account. Simplex performed maintenance services for a sprinkler system at a nursing home owned and operated by Liberty, pursuant to a series of contracts executed between the parties. Liberty filed a counterclaim alleging that Simplex negligently performed the system maintenance, and, as a result, Liberty suffered property damage due to the defective sprinkler system at the nursing home.

Simplex then filed a motion to voluntarily dismiss its complaint without prejudice, pursuant to Ohio Civ. R. 41(A)(2), and to realign the parties based upon the remaining counterclaim. On August 18, 2011, the common pleas court granted Simplex's motion to dismiss and to realign the parties. On September 19, 2011, Simplex filed its notice of removal.

In its motion to remand, Liberty contends that, regardless of the realignment of parties by the common pleas court[1], Simplex was the original plaintiff in that case, and, therefore, Simplex exercised its choice of forum by filing the action in state court. Accordingly, Simplex should not be permitted to remove the case to federal court. Simplex counters that, regardless of its status as a plaintiff at the outset of the case, Simplex was the defendant on the day this matter was removed to federal court.

On a motion to remand, the defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir.2000). Removal jurisdiction raises significant federalism concerns and, for this reason, federal courts must strictly construe such jurisdiction. See *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction. *Shamrock Oil*, 313 U.S. at 108–09, 61 S.Ct. 868; *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989) (citation omitted).

Although the Sixth Circuit has not addressed the propriety of removal by a realigned defendant, two judges in this District were confronted with similar procedural circumstances and held that removal is proper. See *Hrivnak v. NCO Portfolio Management, Inc.*, 723 F.Supp.2d 1020 (N.D.Ohio 2010); *Passmore v. Discover Bank*, 2011 WL 5086431 (N.D.Ohio 2011). In *Hrivak,* the Court recognized that, although the issue presented appears to create a tension between several axioms of law, subject matter jurisdiction must be evaluated at the time of removal. *Hrivnak* at 1023.

---

[1] Liberty does not contend that the common pleas court lacked the authority to realign the parties, and it is clear that realignment of parties by the trial court is a discretionary act in Ohio. See *McCrone v. Bank One Corp.*, 822 N.E.2d 1261 (Ohio 2005); *New Artesian v. Stiefel*, 2000 WL 222110 (Ohio Ct.App.2000); *Smith v. Jones*, 175 Ohio App.3d 705, 889 N.E.2d 141 (Ohio Ct.App.2007); *Magyar v. Lightning Rod Mut. Ins. Co., Inc.*, No. E–95–007, 1995 WL 604608, at *1 (Ohio Ct.App. Oct. 13, 1995).

> The federal removal statute reads, in relevant part:
>
> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. §1446(b).

First, it is clear that a plaintiff may not remove an action to federal court. See *Abulkhair v. Liberty Mut. Ins. Co.*, 379 Fed.Appx. 130, 132, 2010 WL 1896422, at *1, (3d Cir. May 12, 2010); *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343 n. 4 (3d Cir.1974)); see also 14C Wright, Miller, Cooper, et al., Federal Practice and Procedure §3730 (4th ed.2010) ("The federal courts ... often speak[ ] of the right to remove as being limited to 'true' defendants."). Likewise, a counterclaim may not form the basis for removal. *Capital One Bank (USA) N.A. v. Jones*, 710 F.Supp.2d 630, 632, 2010 WL 1258110, at *1–2 (N.D.Ohio Mar. 29, 2010), petition for review denied, CA 10–309 (6th Cir. June 17, 2010) ("§1441 does not allow removal by a counterclaim defendant....") Because Simplex is the original plaintiff in this case, and it is clear that Simplex's decision to voluntarily dismiss its breach of contract claim and seek realignment of the parties was undertaken for the sole purpose of facilitating removal of the case to federal court[2], the foregoing principles appear at first blush to favor remand. Moreover, the fact that the claims is this case were originally asserted as a counterclaim seem to provide further support for the motions. Similarly, the strict construction applied to the removal statute also appears to bode in favor of remand in this case.

At the same time, it is equally well-established that subject matter jurisdiction is to be measured at the time of removal. *Terry v. Jackson*, 19 Fed.Appx. 377, 378 (6th Cir.2001) (citing *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000)); see also *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 (11th Cir.2009). As Judge Kathleen M. O'Malley observed in *Hrivnak*, "At the time this action was removed, it was removed by state court defendants, and §1446(b) does not contemplate that a court will peer back through the history of the state court litigation, it appears to demand that the Court not." *Hrivnak* at 1028. Judge O'Malley

---

[2]The common pleas court predicated its decision on the motion to realign on the holding in *Hrivak, supra.*

continued, "It seems, instead, §1446(b) compels the conclusion that a state court order realigning a particular party as a plaintiff or a particular party as a defendant can create removal jurisdiction where none previously existed, subject to the caveat that a federal court must exercise its own judgment to ensure that opposing parties are on opposite sides of a dispute." *Id. citing Chase National Bank*, 314 U.S. at 70, 62 S.Ct. 15.

On September 19, 2011, Simplex was the defendant in this case. Accordingly, the same rationale that Judge O'Malley applied in *Hrivnak* applies with equal force here. "[Although] it is true that the complaint that was removed to this Court was at one time, prior to removal, a counterclaim, the *only* dispute in controversy at the time of removal was one consisting of claims asserted by [Liberty] against [Simplex]. . . That [Simplex was] not [the defendant] at some point in the past does not change their status at the time of removal. . . ." *Hrivnak* at 1028. Although this conclusion appears to fly in the face of several long-standing principles of removal jurisdiction, it comports with an equally long-standing interpretation of the removal statute. Therefore, the motion to remand this matter to state court is DENIED. ECF Dkt. #76.

IT IS SO ORDERED.

DATE: March 1, 2013                 */s/ George J. Limbert*
                                                            GEORGE J. LIMBERT
                                                            UNITED STATES MAGISTRATE JUDGE