UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WINDSOR HOUSE, INC. (A.K.A. LIBERTY HEALTH CARE CENTER, INC.), et al. | CASE NUMBER: 4:11CV1975 |
| Plaintiffs, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| SIMPLEXGRINNELL LP, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the Renewed Motion to Strike the (Amended) Answer of Defendant, SimplexGrinnell, LP ("Simplex") filed on behalf of Plaintiff, Windsor House, Inc., *aka* Liberty Health Care Center, Inc. ("Liberty") on December 7, 2012. ECF Dkt. #75. Simplex filed its opposition brief on December 21, 2012. ECF Dkt. #79. No reply brief was filed.

Federal Rule of Civil Procedure 12(f) permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike an affirmative defense is only proper "if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *U.S. Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)).

A brief procedural history of the case is essential to understand the arguments advanced in the motion to strike. Simplex initiated this case in the Trumbull County Court of Common Pleas on September 22, 2010, asserting a breach of contract claim against Liberty based on an overdue account. Simplex performed maintenance services for a sprinkler system at a nursing home owned and operated by Liberty pursuant to a series of contracts executed between the parties. Liberty filed

a counterclaim alleging that Simplex negligently performed the system maintenance, and, as a result, Liberty suffered property damage due to the defective sprinkler system at the nursing home.

Simplex then filed a motion to voluntarily dismiss its complaint without prejudice, pursuant to Ohio Civ. R. 41(A)(2), and to realign the parties based upon the remaining counterclaim. On August 18, 2011, the common pleas court granted Simplex's motion to dismiss and to realign the parties. On September 19, 2011, Simplex filed its notice of removal.

Simplex filed an amended answer to the complaint on September 26, 2011, ECF Dkt. #7, because, according to Simplex, the realignment of the parties effectively amended the pleadings. In its motion, Liberty contends that the amended answer was improperly filed "under the guise of raising affirmative defenses that [Simplex] has already waived." ECF Dkt. #75 at p. 1. Simplex asserts that, even if the amended answer constitutes " a procedural misstep," the simplest solution is for the Court to accept the amended answer because, applying the standard for amendment under Rule 15, Simplex's new responsive pleading does not prejudice Liberty. ECF Dkt. #79 at 2.

Rule 15 provides that "leave [to amend] shall be freely given when justice requires." Fed. R. Civ. P. 15(a); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). This liberal view ensures that cases are "tried on their merits rather than pleading technicalities." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citing *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). Under this standard, courts have found that "[a]n answer may be amended to include an inadvertently omitted affirmative defense . . . ." *Kontrick v. Ryan*, 540 U.S. 443, 445 (2004).

Under the Rule 15(a) standard, leave must be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, and undue prejudice. *Forman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors is present here.

The Trumbull County Court issued its Order realigning the parties on August 18, 2011. Simplex then removed the case to this Court within the thirty-day deadline imposed under 28 U.S.C. § 1446(b). Simplex treated the realignment of the parties as a de facto amendment to the pleadings. Under Rule 81(c), Simplex's view was that it had seven days to respond to the essentially amended pleadings, which it did on September 26, 2011, within the Rule's deadline. Simplex also amended its answer to Liberty's counterclaim the same day that this Court issued its order granting the

substitution of counsel. Thus, Simplex filed its first amendment to its responsive pleading to Liberty's counterclaim only after removal to this Court and substitution of counsel. Thus, a review of the procedural history shows there was no undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies on Simplex's part.

In determining whether an amended pleading should be allowed, courts heavily rely on the factor of potential prejudice to the other parties. "In determining what constitutes prejudice, the court considers whether the assertion would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). Here, asserting additional affirmative defenses will in no way unduly prejudice Liberty.  The trial in this matter is scheduled to proceed a little more than nine months from the date of this memorandum opinion and order, and the dispositive motion briefing schedule has been stayed pending the resolution of the motion to strike.

Simplex would be the only party prejudiced if it is not allowed to assert meritorious affirmative defenses. Simplex substituted counsel because this action had originally been a collections action of $30,898.70 against Liberty, which has since been voluntarily dismissed. Simplex substituted counsel to retain attorneys who have more experience litigating the type of claims at issue here for Simplex. Where a party has retained new counsel, courts have permitted new counsel to amend their client's pleadings to provide the client with the appropriate claims and defenses to properly litigate the case. See, e.g., *Gillette v. Tansy*, 17 F.3d 308, 318 (10th Cir. 1994); *Davis v. Yellow Cab Co.*, 35 F.R.D. 159, 162 (D.C. Pa. 1964). In such circumstances, courts have permitted the amendment of the pleadings even two years after the original pleadings were filed. See, e.g., *Davis*, 35 F.R.D. at 162.

Liberty erroneously argues that under Rule 8(c), "[g]enerally, a failure to plead an affirmative defense results in waiver of that defense and its exclusion from the case." See ECF Dkt. #75 at p. 4(citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)). But case law holds that affirmative defenses under Rule 8(c) are waived if not asserted in the answer or an amendment thereto. *Day v. McDonough*, 547 U.S. 198, 203 (2006). Using this standard, the court

-3-

in *Day* held that a statute of limitations defense was not waived due to inadvertent error. *Id.* at 210-11. Thus, Simplex, had it filed a motion to amend its answer, would be allowed to amend to assert any previously omitted meritorious defenses, which comports with the policy that cases be tried on their merits rather than pleading technicalities. *Teft*, 689 F.2d at 639.

Moreover, the *Haskell* case that Liberty relies upon in the motion to strike is easily distinguishable from the instant case. In *Haskell*, the Sixth Circuit concluded that the defendant's failure to raise the statute of limitations defense constituted a waiver of that defense based upon the length of time (over three years) and extensive litigation (three published opinions) between filing of this action and the district court's *sua sponte* raising of the statute of limitations issue. *Haskell*, 864 F.2d at 1273. But because the instant litigation is still a little more than nine months from trial, and the dispositive motion has not been fully briefed, *Haskell* is inapposite.

Moreover, the motion to strike is also devoid of any discussion of the legal standard governing such motions under Rule 12(f). Simplex has not asserted "insufficient defenses," nor does Liberty argue so because it cannot aver that any of the new defenses raised cannot succeed as a matter of law. *Thorn*, 2002 WL 31412440, at *2. Nor does Simplex's amended pleading contain any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

For the foregoing reasons, Liberty's motion to strike Simplex's amended answer is DENIED. ECF Dkt. #75.

IT IS SO ORDERED.

DATE: March 1, 2013                        */s/ George J. Limbert*
                                                            GEORGE J. LIMBERT
                                                            UNITED STATES MAGISTRATE JUDGE